UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
UNITED STATES OF AMERICA     :     S4 07 Cr. 387 (CLB) - ECF Case
                                  :
       -against-            :     **NOTICE OF MOTION**
                                    :
JORGE CEDENO,              :     **Evidentiary Hearing Requested**
                                    :
                  Defendant.    :
-------------------------------------------------------x

      **PLEASE TAKE NOTICE** that, upon the annexed affirmation of Clinton W. Calhoun, III,, Esq., the exhibits attached thereto, and the accompanying memorandum of law, as well as the pleadings and all prior proceedings herein, defendant JORGE CEDENO will move, at the United States Courthouse, 300 Quarropas Street, White Plains, NY 10601, at a date and time to be set by the Court, for an Order (1) suppressing certain post-arrest statements, pursuant to Fed. R. Crim. P. 12(b)(3); (2) suppressing identification testimony and evidence pursuant to Fed. R. Crim. P. 12(b)(3); (3) directing the government to provide a bill of particulars, pursuant to Fed. R. Crim. P. 7(f); (4) directing the government to supplement its disclosure pursuant to <u>Brady v. Maryland</u>, 373 U.S.83 (1963); (5) directing the government to supplement its disclosure pursuant to Fed. R. Evid. 404(b); (6) directing the government to disclose to defense counsel or to the Court <u>in camera</u> statements by co-defendants; and (7) for such other and further relief as the Court may deem just and proper.

Dated: White Plains, NY
       January 29, 2008

BRICCETTI, CALHOUN & LAWRENCE, LLP

By:    _s/_____
       Clinton W. Calhoun, III    (CC 4126)
       81 Main Street, Suite 450
       White Plains, NY  10601
       (914) 946-5900


       ATTORNEYS FOR DEFENDANT
       JORGE CEDENO


To:    Nola B. Heller, Esq.
       Assistant United States Attorney
       One St. Andrew's Plaza
       New York, NY   10007

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
UNITED STATES OF AMERICA     :    S4 07 Cr. 387 (CLB) - ECF Case
          :
        -against-         :    **<u>AFFIRMATION</u>**
          :
JORGE CEDENO,        :
          :
        Defendant.   :
-------------------------------------------------------x

CLINTON W. CALHOUN, III, being duly sworn, deposes and says as follows under penalty of perjury**:**

1.    I am an attorney and represent the defendant in this matter pursuant to an assignment under the Criminal Justice Act.  I am a member of the bar and am familiar with the facts and circumstances of this case.

2.    This affirmation is submitted in connection with certain pretrial motions filed on behalf of my client Jorge Cedeno.

3.    Jorge Cedeno is charged in a multiple-count indictment with conspiracy, kidnapping, robbery and firearms offenses.  A copy of the indictment is attached hereto as Exhibit A.  Mr. Cedeno has entered a plea of not guilty to these charges.

4.    Accompanying discovery provided by the government pursuant to Rule 16, Federal Rules of Criminal Procedure, was a letter from the assistant in charge of this case, in which she makes certain disclosures.  A copy of that letter is attached hereto as Exhibit B.

5.    Included within the discovery received from the government was a photocopy of a photographic array depicting my client.  That photocopy is attached as Exhibit C.

6.Attached hereto as Exhibit D is a letter I sent to the government  requesting,

inter alia, disclosure of any statements made by co-defendants, since that could be the basis of a

severance motion.  That request was declined.

7.     An affidavit by Mr. Cedeno is attached as Exhibit E.

8.     For the reasons stated in the accompanying memorandum of law, the

Court is respectfully requested to grant Mr. Cedeno's pretrial motions and afford him such other

relief as is proper.


    s/_____
    Clinton W. Calhoun, III    (CC 4126)

# EXHIBIT "A"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA         :

       - v. -            :

PLUTARCO ANGULO-AGUIRRE,     :
     a/k/a "Matatan,"       :
     a/k/a "Platano,"       :
RAFAEL RODRIGUEZ,          :
     a/k/a "Dance,"        :
ANGEL DIAZ,              :
     a/k/a "Pete,"         :
VICTOR DIAZ,             :
     a/k/a "Gago,"          :
JUAN CAMACHO,            :
SAILE PARRA, and         :
JORGE CEDENO,            :
     a/k/a "Miguel,"       :
                     :
             Defendants.  :

- - - - - - - - - - - - - - - - - - -x

**SEALED**
**SUPERSEDING**
**INDICTMENT**

S4 07 Cr. 387 (CLB)

## COUNT ONE

## KIDNAPPING CONSPIRACY

The Grand Jury charges:

1.    From in or about September 2006 through in or about January 2007, in the Southern District of New York and elsewhere, PLUTARCO ANGULO-AGUIRRE, a/k/a "Matatan," a/k/a "Platano," RAFAEL RODRIGUEZ, a/k/a "Dance," ANGEL DIAZ, a/k/a "Pete," VICTOR DIAZ, a/k/a "Gago," SAILE PARRA, and JORGE CEDENO, a/k/a "Miguel," the defendants, together with others known and unknown to the Grand Jury, unlawfully, willfully, and knowingly, did combine, conspire, confederate, and agree together and with

1

each other to violate the laws of the United States.

      2.   It was a part and an object of the conspiracy that PLUTARCO ANGULO-AGUIRRE, a/k/a "Matatan," a/k/a "Platano," RAFAEL RODRIGUEZ, a/k/a "Dance," ANGEL DIAZ, a/k/a "Pete," VICTOR DIAZ, a/k/a "Gago," SAILE PARRA, and JORGE CEDENO, a/k/a "Miguel," the defendants, together with others known and unknown to the Grand Jury, unlawfully, willfully, and knowingly, would and did seize, confine, inveigle, decoy, kidnap, abduct, and carry away and hold for ransom and reward and otherwise persons, and did transport those persons in interstate commerce, and did travel in interstate commerce, in violation of Title 18, United States Code, Section 1201(a)(1).

<u>Overt Acts</u>

      3.   In furtherance of the conspiracy and to effect the illegal object thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

      a.  On or about September 13, 2006, PLUTARCO ANGULO-AGUIRRE, a/k/a "Matatan," a/k/a "Platano," RAFAEL RODRIGUEZ, a/k/a "Dance," ANGEL DIAZ, a/k/a "Pete," and VICTOR DIAZ, a/k/a "Gago," together with others known and unknown to the Grand Jury, kidnapped two individuals in or around Blauvelt, New York, and transported them to in or around Clifton, New Jersey.

      b.  On or about November 13, 2006, RAFAEL RODRIGUEZ, a/k/a "Dance," SAILE PARRA, JORGE CEDENO, a/k/a

2

"Miguel," the defendants, together with others known and unknown to the Grand Jury, kidnapped an individual in or around Allamuchy Township, New Jersey, and transported that individual to in or around the Bronx, New York.

      c.  On or about November 14, 2006, PLUTARCO ANGULO-AGUIRRE, a/k/a "Matatan," a/k/a "Platano," RAFAEL RODRIGUEZ, a/k/a "Dance," VICTOR DIAZ, a/k/a "Gago," SAILE PARRA, and JORGE CEDENO, a/k/a "Miguel," the defendants, together with others known and unknown to the Grand Jury, kidnapped an individual in or around Pine Grove, Pennsylvania, and traveled to in or around Paterson, New Jersey.

      (Title 18, United States Code, Section 1201(c).)

## KIDNAPPINGS

## COUNT TWO

The Grand Jury further charges:

      4.  On or about September 13, 2006, PLUTARCO ANGULO-AGUIRRE, a/k/a "Matatan," a/k/a "Platano," RAFAEL RODRIGUEZ, a/k/a "Dance," ANGEL DIAZ, a/k/a "Pete," VICTOR DIAZ, a/k/a "Gago," the defendants, together with others known and unknown to the Grand Jury, unlawfully, willfully, and knowingly, seized, confined, inveigled, decoyed, kidnapped, abducted, and carried away for ransom and reward and otherwise persons, and did transport those persons in interstate commerce, and did travel in interstate commerce, to wit, the defendants forced two individuals into the sleeping compartment of their truck in or

3

around Blauvelt, New York, and drove them to in or around

Clifton, New Jersey.

(Title 18, United States Code, Section 1201(a(1)) and 2.)

**COUNT THREE**

The Grand Jury further charges:

5.    On or about November 13, 2006, RAFAEL RODRIGUEZ,

a/k/a "Dance," SAILE PARRA, JORGE CEDENO, a/k/a "Miguel," the

defendants, together with others known and unknown to the Grand

Jury, unlawfully, willfully, and knowingly, seized, confined,

inveigled, decoyed, kidnapped, abducted, and carried away for

ransom and reward and otherwise persons, and did transport that

person in interstate commerce, and did travel in interstate

commerce, to wit, the defendants forced an individual into the

sleeping compartment of the individual's truck in or around

Allamuchy Township, New Jersey, and drove that individual to the

Bronx, New York.

(Title 18, United States Code, Section 1201(a(1)) and 2.)

**ARMED ROBBERY CONSPIRACY**

**COUNT FOUR**

The Grand Jury further charges:

6.    From in or about September 2006 through in or

about January 2007, in the Southern District of New York and

elsewhere, PLUTARCO ANGULO-AGUIRRE, a/k/a "Matatan," a/k/a

"Platano," RAFAEL RODRIGUEZ, a/k/a "Dance," ANGEL DIAZ, a/k/a

"Pete," VICTOR DIAZ, a/k/a "Gago," SAILE PARRA, and JORGE CEDENO,

a/k/a "Miguel," the defendants, together with others known and unknown to the Grand Jury, unlawfully, willfully, and knowingly, conspired to commit robbery, as that term is defined in Title 18, United States Code, Section 1951(b)(1), to wit, three armed robberies of trucks in or around Blauvelt, New York, Allamuchy Township, New Jersey, and Pine Grove, Pennsylvania, and thereby obstructed, delayed, and affected commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3).

(Title 18, United States Code, Section 1951(a).)

## ARMED ROBBERIES

## COUNT FIVE

The Grand Jury further charges:

7.    On or about September 13, 2006, in the Southern District of New York and elsewhere, PLUTARCO ANGULO-AGUIRRE, a/k/a "Matatan," a/k/a "Platano," RAFAEL RODRIGUEZ, a/k/a "Dance," ANGEL DIAZ, a/k/a "Pete," VICTOR DIAZ, a/k/a "Gago," and JUAN CAMACHO, the defendants, together with others known and unknown to the Grand Jury, unlawfully, willfully, and knowingly, committed robbery, as that term is defined in Title 18, United States Code, Section 1951(b)(1), to wit, armed robbery of two truck drivers, in or around Blauvelt, New York, of a truckload of perfume, and thereby obstructed, delayed, and affected commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section

5

1951(b)(3).

(Title 18, United States Code, Section 1951(a) and 2.)

## COUNT SIX

The Grand Jury further charges:

8.    On or about November 13, 2006, in the Southern District of New York and elsewhere, RAFAEL RODRIGUEZ, a/k/a "Dance," SAILE PARRA, JORGE CEDENO, a/k/a "Miguel," the defendants, together with others known and unknown to the Grand Jury, unlawfully, willfully, and knowingly, committed robbery, as that term is defined in Title 18, United States Code, Section 1951(b)(1), to wit, armed robbery of a truck driver, in or around Allamuchy Township, New Jersey, and in or around the Bronx, New York, of cellular phones contained inside the truck, and thereby obstructed, delayed, and affected commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3).

(Title 18, United States Code, Section 1951(a) and 2.)

## FIREARMS COUNTS

## COUNT SEVEN

The Grand Jury further charges:

9.    On or about September 13, 2006, in the Southern District of New York and elsewhere, PLUTARCO ANGULO-AGUIRRE, a/k/a "Matatan," a/k/a "Platano," RAFAEL RODRIGUEZ, a/k/a "Dance," and ANGEL DIAZ, a/k/a "Pete," the defendants, unlawfully, willfully, and knowingly used and carried firearms,

during and in relation to crimes of violence for which they may be prosecuted in a court of the United States, namely, the violations of Title 18, United States Code, Sections 1201 and 1951 as charged in Counts One, Two, Four, and Five of this Indictment, and possessed firearms in furtherance of such crimes, which firearms were brandished, to wit, the defendants brandished firearms while subduing two truck drivers, transporting them over state lines, and robbing them of the contents of their truck.

(Title 18, United States Code, Section 924(c)(1)(A)(ii) and 2.)

## COUNT EIGHT

The Grand Jury further charges:

10.  On or about November 13, 2006, in the Southern District of New York and elsewhere, RAFAEL RODRIGUEZ, a/k/a "Dance," and JORGE CEDENO, a/k/a "Miguel," the defendants, unlawfully, willfully, and knowingly used and carried firearms, during and in relation to crimes of violence for which they may be prosecuted in a court of the United States, namely, the violations of Title 18, United States Code, Sections 1201 and 1951 as charged in Counts Three and Six of this Indictment, and possessed firearms in furtherance of such crimes, which firearms were brandished, to wit, the defendants brandished firearms while subduing a truck driver, transporting the truck

7

driver over state lines, and robbing the truck driver of some of the contents of the truck.

(Title 18, United States Code, Section 924(c)(1)(A)(ii) and 2.)


_Stephen J. Scereu_
FOREPERSON

_Michael J. Garcia_
MICHAEL J. GARCIA
United States Attorney

# EXHIBIT "B"



RECEIVED

DEC 1 1 2007

BRICCETTI, CALHOUN & LAWRENCE, LLP

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

_____

*United States District Courthouse*
*300 Quarropas Street*
*White Plains, New York 10601*

December 11, 2007

BY FED EX

Clinton W. Calhoun III, Esq.
Bricetti, Calhoun & Lawrence
81 Main Street, Suite 450
White Plains, NY 10601

Re:   **United States v. Jorge Cedeno, a/k/a "Miguel"**
      **S4 07 Cr. 387 (CLB)**

Dear Mr. Calhoun:

This letter provides discovery pursuant to Rule 16(a) of the Federal Rules of Criminal Procedure ("Fed. R. Crim. P."), and seeks reciprocal discovery.

<u>Disclosure By the Government</u>

Based on your request for discovery in this case, I have enclosed copies of the following documents:

1.    The superseding indictment;

2.    Your client's criminal history report;

3.    Telephone records and subscriber information from September 2006 for phone numbers 407-446-5050, 973-405-8535, 201-966-7142, 646-453-3432, 862-571-0244, and 917-771-6835; and telephone records (and subscriber information, if not already provided) from November 2006 for the phone numbers 201-966-7142, 646-406-3671, 973-245-1892, 973-323-7744, and 862-571-0244;

4.    Bills of lading from truck stolen on or about September 13, 2006;

5.    Global positioning satellite records from September 13, 2006;

6.      Results of fingerprint analysis done on truck stolen on or about September 13, 2006;

7.      Results of DNA test for blood found inside truck stolen on or about November 13, 2006;

8.      Bills of lading for truck hijacked on or about November 13, 2006;

9.      Reports of property stolen from truck hijacked on or about November 13, 2006;

10.      Printouts of documents tracking movements of truck hijacked on or about November 13, 2006 and driver's daily log;

11.      Bills of lading for truck hijacked on or about November 14, 2006;

12.      Printouts of documents tracking movements of truck hijacked on or about November 13, 2006;

13.      Copies of photographs recovered from the computer of one of your client's co-conspirators;

14.      Copy of agent notes taken during brief interview with your client on January 3, 2007;

15.      Copy of agent notes taken during interview with your client on February 9, 2007.

16.      Copies of documents which were in his possession when he was arrested on November 19, 2007.

17.      Copy of <u>Miranda</u> waiver form signed by your client on November 15, 2007;

18.      Copy of consent to search form signed by your client on November 15, 2007;

19.      Photo array from which four individuals identified your client; and

20.      United States Marshals Service intake forms for your client.

Also available for inspection upon request are:

1.  Photographs of the crime scenes and the victims from the September 13, 2006 and the November 13, 2006 kidnappings and armed robberies;

2.  Photographs of the duct tape and flex ties taken from the truck stolen on or about November 13, 2006 (actual items also available upon request with significant advance notice); and

3.  Photographs of flex ties taken from the truck stolen on or about November 14, 2006 (actual items also available upon request with significant advance notice).

Additionally, on November 15, 2007, the day of your client's arrest in this case, when your client saw one of the Orangetown Police detectives on the case, your client stated, "You're here because of Dance and them." He confirmed that he knew "Dance" and "J.R." from the Washington Heights neighborhood. When asked whether he wished to cooperate with law enforcement, your client responded using words to the effect of, "you call it cooperating, I call it being a rat. I would rather die one death than 1,000 deaths."

Pursuant to our obligations under *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny, we are informing you that the victims who were kidnapped in this case on or about September 13, 2006 (Victim 1 and Victim 2) were unable to identify any of their kidnappers from photo arrays. Victim 1 described the person who struck him as a female, dark-skinned and possibly Jamaican or Dominican. Victim 1 also described the perpetrator who drove the truck as either Puerto Rican or Cuban. Victim 1 told police that Victim 1 and Victim 2 had discussed how the perpetrators resembled three former dispatchers for their trucking company, each of whom had been unhappy about being recently dismissed from the company. However, Victim 1 told police that he did not believe that any of these three men were the perpetrators. Victim 1 and Victim 2 were each subjected to polygraph examinations. Victim 1 and Victim 2 each answered "no" to questions about whether they planned with anyone to steal the contents of the truck, or whether they knew for sure who stole the perfume. The polygraph examiner's opinion was that Victim 1's and Victim 2's physiological responses to those questions were indicative of deception. Finally, the victims who were kidnapped in this case on or about November 13, 2006 and November 14, 2006 were unable to identify your client from a photo array.

The Government will provide material under *Giglio v. United States*, 405 U.S. 150, 154 (1972), and its progeny, in a timely manner prior to trial.

The Government may offer at trial pursuant to Rule 404(b), Fed. R. Evid., evidence of other criminal activity by the defendant as proof of the defendant's motive, opportunity, intent, preparation, plan, knowledge, identity, and absence of mistake or accident. The evidence will establish that the defendant was involved in thefts of other trucks.

3

<u>Disclosure By the Defendant</u>

In light of your request for the foregoing discovery, the Government hereby requests reciprocal discovery under Fed. R. Crim. P. 16(b). Specifically, we request that you allow inspection and copying of: (1) any books, or copies or portions thereof, which are in the defendant's possession, custody or control, and which the defendant intends to introduce as evidence or otherwise rely on at trial; and (2) any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, or copies thereof, which are in the defendant's possession or control, and which the defendant intends to introduce as evidence or otherwise rely on at trial or which were prepared by a witness whom the defendant intends to call at trial.

The Government also requests that the defendant disclose prior statements of witnesses he will call to testify. *See* Fed. R. Crim. P. 26.2; *United States v. Nobles*, 422 U.S. 225 (1975). We request that such material be provided on the same basis upon which we agree to supply the defendant with 3500 material relating to Government witnesses.

<u>Sentence Reduction for Acceptance of Responsibility</u>

This Office will oppose the additional one-point reduction under the Sentencing Guidelines available for defendants who plead prior to the Government's initiation of trial preparations, U.S.S.G. § 3E1.1(b)(2), in the event your client has not entered a plea of guilty four weeks prior to trial. We will follow this policy whether or not suppression or other pretrial motions remain outstanding after this date and even if the trial date has not been announced by the Court four weeks in advance of the trial.

Please contact me at your earliest convenience concerning the possible disposition of this matter or any further discovery which you may request.

Very truly yours,

MICHAEL J. GARCIA
United States Attorney

By:     *Nola B. Heller*

Nola B. Heller
Assistant United States Attorney
(914) 993-1939

Enclosures

4

# EXHIBIT "C"



**4**



**1**



**5**



**2**



**6**



**3**

RCIC PHOTO LINEUP  07-036

# EXHIBIT "D"

# BRICCETTI, CALHOUN & LAWRENCE, LLP

### ATTORNEYS AT LAW

81 MAIN STREET

SUITE 450

WHITE PLAINS, NEW YORK 10601

VINCENT L. BRICCETTI•

CLINTON W. CALHOUN, III••

KERRY A. LAWRENCE•

(914) 946-5900

FAX (914) 946-5906

•ALSO ADMITTED IN CT

••ALSO ADMITTED IN VA & DC

December 31, 2007

Nola B. Heller, Esq.
United States Attorney's Office
United States Courthouse
300 Quarropas Street
White Plains, New York  10601

> Re:  <u>United States v. Jorge Cedeno</u>
> S4 07 Cr. 387 (CLB)

Dear Ms. Heller:

With respect to the Rule 16 discovery received from the government, I respectfully request the following supplementation:

1.  More legible copies of the attached pages;

2.  Inspection of the original photo array;

3.  The language allegedly used by Mr. Cedeno on November 15, 2007, when he "confirmed" that he knew "Dance" and "J.R.," and the questions put to him if his statements were in response to such questions.

4.  Copies of any co-defendant statements, since such statements may raise Confrontation Clause and/or severance issues.  <u>Bruton v. United States</u>, 391 U.S. 123 (1968); <u>Crawford v. Washington</u>, 541 U.S. 36 (2004).

5.  Any additional documents in the government's possession identifying the subscribers of the various telephone numbers, particularly 973-245-1892 and 862-571-0244, and the usage of those numbers.

Thank you for your prompt response to these requests.

AUSA Nola B. Heller
December 31, 2007
Page 2

Sincerely,

Clinton W. Calhoun, III

cc:    Mr. Jorge Cedeno

# EXHIBIT "E"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
UNITED STATES OF AMERICA      :     S4 07 Cr. 387 (CLB) - ECF Case
                                   :
         -against-           :     **AFFIDAVIT**
                                   :
JORGE CEDENO,          :
                                   :
                Defendant.   :
-------------------------------------------------------x

STATE OF NEW YORK      )
                              ) SS.:
COUNTY OF WESTCHESTER )

        JORGE CEDENO, being duly sworn, deposes and says as follows under penalty of perjury:

        1.     I am a defendant in the above case.  I submit this affidavit in support of my pretrial motions.

        2.     On November 15, 2007, I was arrested by law enforcement personnel and taken to a police precinct.

        3.     While I was in custody, I was questioned by police officers and detectives about various topics including whether I knew certain people and whether I wanted to cooperate with them.

        4.     Before being questioned, I was not advised of my Miranda rights.  I did not waive those rights.  Much later, after that questioning was over, I was advised of my Miranda rights.

        5.     I speak English and this affidavit was prepared and reviewed with me in English.

_Jorge Cedeno_
Jorge Cedeno

Sworn to before me
this _25th_ day of January, 2008

_Clinton W. Calhoun_
Notary Public

**CLINTON W. CALHOUN, III**
Notary Public, State of New York
No. 02CA4935343
Qualified in Westchester County
Commission Expires January 04, 20 _10_

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
UNITED STATES OF AMERICA  :  S4 07 Cr. 387 (CLB) - ECF Case
             :
    -against-     :
             :
JORGE CEDENO,      :
             :
        Defendant. :
-------------------------------------------------------x

## MEMORANDUM OF LAW IN SUPPORT OF
## <u>DEFENDANT JORGE CEDENO'S PRETRIAL MOTIONS</u>

   Defendant JORGE CEDENO, by his attorneys Briccetti, Calhoun & Lawrence, LLP,

submits this Memorandum of Law in support of his pretrial motions for an Order (1) suppressing

certain post-arrest statements, pursuant to Fed. R. Crim. P. 12(b)(3); (2) suppressing

identification testimony and evidence pursuant to Fed. R. Crim. P. 12(b)(3); (3) directing the

government to provide a bill of particulars, pursuant to Fed. R. Crim. P. 7(f); (4) directing the

government to supplement its disclosure pursuant to <u>Brady v. Maryland</u>, 373 U.S. 83 (1963);

(5) directing the government to supplement its disclosure pursuant to Fed. R. Evid. 404(b);

(6) directing the government to disclose to defense counsel or to the Court <u>in camera</u> statements

by co-defendants; and (7) for such further relief as the Court may deem just and proper.

   For the reasons that follow, the relief he requests should be granted.

## <u>FACTS</u>

Defendant Jorge Cedeno is charged in an indictment with the crimes of conspiracy, kidnapping, robbery and firearms possession and use in connection with certain truck hijackings that occurred in September and November, 2006.  Calhoun Affirmation, Exhibit A.  He has pleaded not guilty to those charges.

According to the government in its discovery letter (Calhoun Aff., Exh. B), Mr. Cedeno made certain statements to local law enforcement officers on the day that he was taken into custody, November 15, 2007.  Mr. Cedeno contends those statements were made prior to any advice to him of his <u>Miranda</u> rights.  Calhoun Aff., Exh. E.  The government's  letter also contains a <u>Brady</u> disclosure as follows:

> Pursuant to our obligations under <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), and its progeny, we are informing you that the victims who were kidnapped in this case on or about September 13, 2006 (Victim 1 and Victim 2) were unable to identify any of their kidnappers from photo arrays.  Victim 1 described the person who struck him as a female, dark-skinned and possibly Jamaican or Dominican.  Victim 1 also described the perpetrator who drove the truck as either Puerto Rican or Cuban.  Victim 1 told police that Victim 1 and Victim 2 had discussed how the perpetrators resembled three former dispatchers for their trucking company, each of whom had been unhappy about being recently dismissed from the company.  However, Victim 1 told police that he did not believe that any of these three men were the perpetrators.  Victim 1 and Victim 2 were each subjected to polygraph examinations. Victim 1 and Victim 2 each answered "no" to questions about whether they planned with anyone to steal the contents of the truck, or whether they knew for sure who stole the perfume.  The polygraph examiner's opinion was that Victim 1's and Victim 2's physiological responses to those questions were indicative of deception.  Finally, the victims who were kidnapped in this case on or about November 13, 2006 and November 14, 2006 were unable to identify your client from a photo array.

Finally, the letter discloses that the government may seek to introduce evidence pursuant to Rule 404(b), Fed. R. Evid., and states that such "evidence will establish that the defendant was involved in thefts of other trucks."

Attached to the above letter and included in the discovery was, among other things, a photocopy of a photographic array (Calhoun Aff., Exh. C). The government also states in its letter that "four individuals identified" Mr. Cedeno from the array, although none of the purported victims identified him.

Subsequent to the receipt of the government's letter, defense counsel wrote and requested disclosure of co-defendants' statements, among other things. Calhoun Aff., Exh. D. That request was declined by the government.

In his motions, Mr. Cedeno contends that his statements were obtained in violation of Miranda and should be suppressed; that the photographic array was improperly suggestive and that any identification evidence affected by or derived therefrom should be suppressed; that the government's Brady and Rule 404(b) disclosures are inadequate and should be supplemented; and that he should be provided with a bill of particulars and with any statements made by his co-defendants.

**ARGUMENT**

**POINT I**

**CEDENO'S  STATEMENTS SHOULD BE SUPPRESSED.**

It is axiomatic that law enforcement officers must provide <u>Miranda</u> warnings to a suspect in custody prior to interrogating the suspect.  <u>Miranda v. Arizona</u>, 384 U.S. 436, 444 (1966); <u>accord</u>, <u>Beckwith v. United States</u>, 425 U.S. 341, 344-48 (1976).  The premise of <u>Miranda</u> is that custodial interrogation is inherently coercive, and that a suspect must be apprised of his rights to ensure that he has the opportunity to exercise his Fifth Amendment privilege against self-incrimination.  <u>Miranda v. Arizona</u>, 384 U.S. at 467.

These rights include the right to remain silent, the advice that any statement may be used against the arrestee, and "the right to consult with a lawyer and to have the lawyer [present] during interrogation."  <u>Miranda v. Arizona</u>, 384 U.S. at 471.  And, "[i]f the individual states that he wants an attorney, the interrogation must cease until an attorney is present."  <u>Id</u>. at 474.  However, absent some exigency clearly not present in this case, a suspect taken into custody must <u>first</u> be told of his rights, and given a chance to exercise them if he so chooses, before he can be lawfully questioned.

In this case, according to the government's Rule 16 disclosure, Jorge Cedeno appears to have been taken into custody by local police officers and removed to a precinct.  There, he was questioned while in custody.  However, according to the affidavit submitted by Cedeno, he was not advised of his <u>Miranda</u> rights before the questioning, only thereafter.

Based upon the foregoing, the Court should suppress the pre- <u>Miranda</u>, post-arrest statements, or in the alternative, order that an evidentiary hearing be conducted.  The Court

should also direct the government to obtain and produce all reports, notes and other forms, as well as any recordings, pertaining to these statements, if the government has not done so already.


## POINT II

### IDENTIFICATION EVIDENCE AFFECTED BY OR DERIVED FROM THE PHOTO ARRAY SHOULD BE SUPPRESSED.

The government has produced a photo array from which it states that four individuals identified Mr. Cedeno.  The four individuals are not identified, except it is clear from the government's letter that they were not victims of the crimes charged to Mr. Cedeno.  The array, attached to the affirmation of Clinton Calhoun as Exhibit C, is in a standard "six-pack" format, with Mr. Cedeno's photograph in window number 3.

The problem with the array is not in the selection of the fillers or their facial characteristics.  Rather, it is with the background that surrounds Mr. Cedeno's image, which is distinctly different than the background of all of the fillers' images.  The background of Cedeno's photograph is white and immediately draws the viewer's attention.  Worse, it is the only photograph that has a white background; the others have a dark gray or blue background.[1] As a result, the photograph of Jorge Cedeno not only calls attention to itself, it announces itself as different from the others.

In this way, the array "suggested to the identifying witnesses that the accused was more likely to be the culprit," precisely the standard for suggestiveness set forth in <u>Jarrett v. Headley</u>,

---

[1] The government made the color version of the array available for inspection.

802 F.2d 34, 41 (2d Cir. 1986).  While some differences in photographic subjects and qualities

are tolerated, United States v. Bautista, 23 F.3d 726 (2d Cir. 1994), they cannot be tolerated

when their effect is to make the defendant's photograph stand out.

Mr. Cedeno's image essentially has a white ring around it that the other images do not

have.  It clearly suggests that something is different about Cedeno's image, and it becomes far

more likely as a result for a witness to identify Cedeno.  The defense of course has no way to

know at this point what was said at the time the array was displayed that could have also affected

the procedure.  However, the array itself was unnecessarily suggestive and as a result should be

suppressed as should any evidence derived from or affected by the array.


## POINT III

**THE COURT SHOULD DIRECT THAT A
BILL OF PARTICULARS BE PROVIDED.**

The indictment in this case, attached to the affirmation of Clinton Calhoun as Exhibit A,

charges Cedeno with multiple crimes in connection with certain truck hijackings.  However, the

indictment provides no information or detail at all as to Mr. Cedeno's specific acts, or the

specific acts of any of his co-defendants, or the specific locations where any of the relevant

events took place, or even the names of the alleged victim or victims of any of the hijackings or

the names of the companies for which they worked.

The defense recognizes that a bill of particulars is not intended as a means to learn the

government's evidence and theories.  However, such a bill can be required if it is necessary to

give the defendant enough information to defend himself, even if the effect is disclosure of

evidence or theories.  United States v. Barnes, 158 F. 3d 662, 665 (2d Cir. 1998) citing Wright,

Federal Practice and Procedure, §129 (1982).  It should be considered specifically in cases where

the indictment provides "not one shred of detail."  Barnes, id. at 665.  It is well-settled that the

purposes of a bill of particulars extend beyond trial preparation and include preventing surprise

and permitting a defendant to raise a double jeopardy claim if there is a second prosecution for

the same offense.  United States v. Bortnovsky, 820 F.2d 572, 574 (2d Cir. 1987).  The decision

to grant or deny a request for a bill of particulars is committed to the trial court's discretion,

United States v. Davidoff, 845 F.2d 1151, 1154 (2d Cir. 1988) and obviously should turn on the

circumstances of the particular case in which the request is made.

       In this case, Mr. Cedeno needs additional information and detail in order to prepare his

defense.  He is charged with serious crimes, but he is not informed as to any of the pertinent

details regarding his conduct in any of the alleged crimes.  Those details are critical to the

defense in terms of identifying potential witnesses and locating other evidence that might be

favorable to Mr. Cedeno.   In light of the scant information in the indictment, which was not

improved by the discovery the government has turned over to date, the Court should exercise its

discretion under Rule 7(f) and other the government to provide a bill of particulars to the

defense.

## POINT IV

## THE COURT SHOULD DIRECT THE GOVERNMENT
## TO SUPPLEMENT ITS <u>BRADY</u> DISCLOSURE.

To its credit, the government provided <u>Brady</u> information to defense counsel. See Calhoun Aff., Exhibit B.  Specifically, it disclosed that the two victims of the September 13, 2006 incident could not identify any of the alleged perpetrators from photo arrays, and Mr. Cedeno is not charged with crimes from that particular incident in any event.  The government also disclosed that one of the victims stated that he was struck by a dark-skinned female, that the perpetrator who drove the truck was either Puerto Rican or Cuban, and that the perpetrators resembled dispatchers recently dismissed from the company.  The disclosure further stated that the two victims' polygraph results indicated "deception" in their denials of participating in the theft plans or of knowing who stole the merchandise.  Finally, the government disclosed that the victims of the November 13 and 14, 2006, incidents could not identify my client from a photo array.

Despite this disclosure, there is little that defense counsel can do with it.  The names of the victims are not disclosed nor is the name of their company.  No way to contact them is provided.  The names of the dismissed dispatchers are not disclosed.  The polygraph report, arguably discoverable under Rule 16(a)(1)(F), is not disclosed, nor is the name of the polygraph examiner.  Finally, no information about the victims of the November 13 and 14 incident, who were unable to identify Mr. Cedeno, is provided and no medical reports as to any of the incidents were provided.

The government of course recognizes its obligation to disclose evidence favorable to the accused when it is material to guilt or punishment.  <u>Brady v. Maryland</u>, 373 U.S. 83, 87 (1963).

-8-

This duty covers not only exculpatory information but also information that could be used to impeach government witnesses. <u>Giglio v. United States</u>, 405 U.S. 150 (1972). However, the disclosure has to be sufficient for defense counsel to be able to make "effective use" of it, <u>United States v. Coppa</u>, 267 F.3d 132, 142 (2d Cir. 2001), and not be denied access to exculpatory information known only to the government. <u>United States v. LeRoy</u>, 687 F.2d 610, 619 (2d Cir. 1982).

While the government commendably began <u>Brady</u> disclosure in this case, it did not go far enough. The disclosure so far is so bereft of details and identifying information that defense counsel cannot make effective use of it, and important exculpatory information thus remains in the exclusive possession. The Court should direct the government to supplement its disclosure and fulfill its obligations under <u>Brady</u>.

<u>**POINT V**</u>

**THE COURT SHOULD DIRECT THE GOVERNMENT TO SUPPLEMENT ITS RULE 404(b) DISCLOSURE.**

The government indicated in its letter that it "may" offer evidence at trial pursuant to Rule 404(b), Fed. R. Evid., specifically evidence that "will establish that the defendant was involved in thefts of other trucks." Calhoun Aff., Exh. B. No other information about this proposed evidence is disclosed.

Although Rule 404(b), by its terms, mandates "reasonable notice in advance of trial ... of the general nature of any such evidence it intends to introduce at trial," the defense submits that the notice provided so far is not adequate. It provides the defense none of the particulars of the

supposed "thefts of other trucks" to permit investigation and rebuttal of that evidence.  If the government indeed intends to offer such evidence, there is no reason why an adequate description of that evidence could not be provided before trial.  See United States v. Stein, 424 F. Supp. 2d 720, 728 (S.D.N.Y. [Kaplan] 2006).

The defense is entitled to more than it has received so far in terms of Rule 404(b) notice so that it can prepare to meet this evidence.  The Court is requested to set a schedule for the government to provide proper 404(b) notice.


**POINT VI**

**THE COURT SHOULD DIRECT THE
GOVERNMENT TO DISCLOSE
CO-DEFENDANTS' STATEMENTS.**

Although the government disclosed Mr. Cedeno's own alleged statements, it declined his request to disclose the statements made by co-defendants, if any.  As a result, the defense is in no position to evaluate fully whether a severance motion or in limine motion is warranted, under Bruton v. United States, 391 U.S. 123 (1968) and/or Crawford v. Washington, 541 U.S. 36 (2004) or otherwise, because it is not informed of those statements.  The defense thus respectfully asks to reserve its right to make such motion until disclosure of co-defendants' statements has been made, so that any such motion need only be once with all of the possible bases stated.

While Rule 16 does not explicitly require the government to disclose co-defendant statements, there is no reason they could not be shown to the Court in advance of trial.  United States v. Glover, 506 F.2d 291, 298 n.14 (2d Cir. 1974).  Further, as a matter of sound case

-10-

management, the disclosure should also be made to defense counsel in advance of trial, unless

there was some need (unknown to the defense) for an in camera presentation, so that any

appropriate severance or in limine motion could be made.  Defense counsel seeks to avoid the

avalanche of disclosures typically made on the eve of trial.

The Court is therefore asked to direct the government to disclose co-defendant statements

at a reasonable time in advance of trial.


## CONCLUSION

For the foregoing reasons, the Court is asked to grant the pretrial motions of Jorge

Cedeno and to afford him such further relief as the Court deems just and proper.  Defendant also

joins the motions of his co-defendants to the extent those motions have application to him.

DATED:      White Plains, New York
            January 29, 2008

                            Respectfully submitted,

                            BRICCETTI, CALHOUN & LAWRENCE, LLP

                            By:    S/
                                   Clinton W. Calhoun, III (CC 4126)
                                   81 Main Street, Suite 450
                                   White Plains, NY  10601
                                   (914) 946-5900

                            ATTORNEYS FOR DEFENDANT
                            JORGE CEDENO

TO:    Nola B. Heller, Esq.
       Assistant United States Attorney
       United States Attorney's Office
       One St. Andrew's Plaza
       New York, NY   10007