UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

UNITED STATES OF AMERICA,

       -against-

                                      **S4 07 CR. 387 (CM)**

JORGE CEDENO,

                Defendant.

------------------------------------------------------------X

# REPLY MEMORANDUM IN SUPPORT OF DEFENDANT'S PRETRIAL MOTIONS

                                      Clinton W. Calhoun, III (CC 4126)
                                      Briccetti, Calhoun & Lawrence, LLP
                                      81 Main Street, Suite 450
                                      White Plains, New York   10601
                                      (914) 946-5900

                                      *Attorneys for Defendant JORGE CEDENO*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNITED STATES OF AMERICA,

        -against-

                          **S4 07 CR. 387 (CM)**

JORGE CEDENO,

        Defendant.
------------------------------------------------------------X

## REPLY MEMORANDUM IN SUPPORT
## OF DEFENDANT'S PRETRIAL MOTIONS

This Memorandum is respectfully submitted on behalf of defendant Jorge Cedeno in reply to the Government's Second Memorandum of Law in Opposition to Defendants' Pretrial Motions ("Govt. Memo."), which responded to pretrial motions submitted by Cedeno and co-defendants Angel Diaz and Victor Diaz. Specifically, in his motion papers, Cedeno requested an Order: (1) suppressing certain post-arrest statements, pursuant to Fed. R. Crim. P. 12(b)(3); (2) suppressing identification testimony and evidence pursuant to Fed. R. Crim. P. 12(b)(3); (3) directing the government to provide a bill of particulars, pursuant to Fed. R. Crim. P. 7(f); (4) directing the government to supplement its disclosure pursuant to Brady v. Maryland, 373 U.S.83 (1963); (5) directing the government to supplement its disclosure pursuant to Fed. R. Evid. 404(b); (6) directing the government to disclose to defense counsel or to the Court in camera statements by co-defendants; and (7) for such further relief as the Court may deem just and proper.

**ARGUMENT**

Defendant Jorge Cedeno replies to the government's submission pertaining to his motions as follows:

**1.     Suppression of Statements.**

In response to the motion to suppress statements, the government has conceded that Cedeno's statements are not admissible in its case-in-chief. (Govt. Memo. at 2-3, 44-45).

**2.     Suppression of Identification Testimony and Evidence.**

Cedeno contends that a photo array in which his photograph was displayed to witnesses was needlessly and prejudicially suggestive. The government argues that it was not and attaches a color version of the array, although it is not disclosed whether the witnesses actually viewed the color version. In any event, the color version of the array also presents Cedeno's photograph as distinct from the others and therefore does not assist the government's argument.

While Cedeno is aware and the government points out that "minor differences" among photographs do not establish suggestiveness, United States v. Bautista, 23 F.3d 726 (2d Cir. 1994), the array in this case and Cedeno's photograph do not involve minor differences. Cedeno's photograph is different and distinct from the others and obviously comes from a different source. His face essentially has a white ring around it and he is the only one so depicted. Every other photograph has a dark, neutral background, but Cedeno's photograph does not. It is submitted that a witness asked to pick out one photograph from the array naturally would look for the one that stands out and is different, and as a result he would focus on Cedeno's photograph. Contrary to the government's position, the way Cedeno's photograph is

presented relative to the others tells the witness that Cedeno is "more likely to be the culprit." Jarrett v. Headley, 802 F.2d 34, 41 (2d Cor. 1986). It therefore is impermissibly suggestive.

The government contends that, should the Court determine the array was suggestive, its witnesses could still identify Cedeno in court. (Govt. Memo. at 35-36). It cites the five-factor test from Neil v. Biggers, 409 U.S. 188, 199-200 (1972), but presents no facts in support of any of the factors. There is no basis for the Court to conclude that any prospective in-court identification is independently reliable. United States v. Kwong, 69 F.3d 663, 666 (2d Cir. 1995). Thus, any identification evidence pertaining to or derived from the array in this case should be suppressed.

**3.    Bill of Particulars.**

The government delivers its customary opposition to Cedeno's motion for a bill of particulars under Rule 7(f). However, Cedeno has never asked the government to "particularize all of its evidence" or preview its case for the defense. (Govt. Memo. at 11). Rather, he asks for the specifics of what the government alleges he did, when and where the alleged crimes took place and who the alleged victims are. As basic as these details are, they are not found in the indictment or in the "several hundred pages of discovery" (Govt. Memo. at 12) provided by the government.[1]

What Cedeno seeks is information that is necessary to his defense and that will provide him with some measure of double jeopardy protection. As the government noted, the Second

---

[1] There is actually less there than meets the eye. The vast majority of these pages consist of telephone records for telephones belonging to and used by people other than Mr. Cedeno.

Circuit in United States v. Torres, 901 F.2d 205, 234 (2d Cir. 1990) approved a bill of particulars where the indictment does "not advise the defendant of the specific acts of which he is accused." (Govt. Memo. at 10). The present indictment does not advise Cedeno of the specific acts of which he is accused and neither does the discovery. Under these circumstances, he is not asking too much in requesting a bill of particulars.

**4.     Brady Request.**

As Cedeno noted in his moving papers, the government commendably disclosed some Brady material in its possession. The problem for the defense is that the disclosure was so sparse in its detail that there is very little, if any, use that can be made of it. For example, the government reveals that the alleged victims have failed to identify Cedeno from an array but discloses nothing else about these victims or who they are. Similarly, no detail is provided as to the victim or victims who stated he was struck by a "dark-skinned female" (no females have been indicted in this case) or who were indicated as "deceptive" on polygraphs tests. As a result of this lack of detail, Cedeno has asked the Court to direct the government to supplement its Brady disclosure.

In response to this request, the government states that Rule 16 does not require it to disclose its witnesses. (Govt. Memo. at 19-20). However, Cedeno's request is not made pursuant to Rule 16 but rather is made pursuant to Brady v. Maryland. Cedeno is entitled under Brady to disclosure of exculpatory information in order to make effective use of it, United States v. Coppa, 267 F.3d 132, 142 (2d Cir. 2001), not merely in order to be vaguely aware that there is some witness somewhere who may have something exculpatory to say. The government's

disclosure to date accomplishes only the latter.[2]  It is therefore still in exclusive possession of exculpatory information and has not provided the defense access to that information.  Cedeno contends that the government, at present, has begun but has not fulfilled its Brady obligation.

That obligation was clearly recognized by the government in making the disclosures it did.  However, Cedeno submits that Brady may require disclosure of information that Rule 16 does not require, so that the defense may have real access to and an opportunity to make effective use of the exculpatory information.  The disclosure made so far is insufficient to permit the access and effective use of exculpatory information to which Cedeno is entitled.

### 5. Request for Rule 404(b) Material.

After Cedeno filed his motion requesting a schedule for the disclosure of material under Fed. R. Evid. 404(b), the Court set such a schedule in its Order dated February 15, 2008.

### 6. Request for Co-defendant Statements.

Cedeno also requested that the government be directed to disclose co-defendant statements at a reasonable time in advance of trial and the government has agreed to do so. (Govt. Memo. at 16).  Since a trial has been scheduled pursuant to the above Order, it would be appropriate for the Court to fix dates for this disclosure.  The Court is respectfully asked to allow for sufficient time in advance of the trial for defendants to make severance motions and/or motions in limine, if such motions are warranted by the disclosure.

---

[2] The government appears concerned about endangering the victims but does not state the basis for that concern.  (Govt. Memo. at 20).  Without this basis, it is impossible to evaluate the concern or determine whether disclosure under protective provisions would be called for.

**CONCLUSION**

For the foregoing reasons and those previously stated, defendant Jorge Cedeno respectfully asks the Court to grant his pretrial motions and afford him such further relief as is just and proper.

DATED:    White Plains, New York
               March 11, 2008

                                      Respectfully submitted,

                                      _s/_____
                                      Clinton W. Calhoun, III, Esq. (CC 4126)
                                      Briccetti, Calhoun & Lawrence, LLP
                                      81 Main Street, Suite 450
                                      White Plains, New York   10601
                                      (914) 946-5900

                                      *Attorneys for Defendant JORGE CEDENO*