**BRICCETTI, CALHOUN & LAWRENCE, LLP**
**81 MAIN STREET, SUITE 450**
**WHITE PLAINS, NEW YORK 10601**
**914-946-5900**

May 9, 2008

**BY ECF AND FACSIMILE**
Hon. Colleen McMahon
United States District Judge
United States District Court
500 Pearl Street
New York, NY   10007

      **Re:**    **United States v. Angulo-Aguirre, et al. (Jorge Cedeno)**
               **S4 07 Cr. 387 (CM)**

Dear Judge McMahon:

        This letter is submitted on behalf of my client Jorge Cedeno in response to the government's letter motion in limine, dated May 6, in which it seeks to preclude the defense from cross-examining government witnesses on certain subjects.  Specifically, the motion seeks to bar cross-examination (1) of two so-called "Victim-Witnesses" as to their failed polygraph results; (2) of "Victim-4" as to his prior conviction for armed robbery; and (3) of Detective Robert Goldrick as to a prior appellate court finding that he had testified untruthfully in order to meet constitutional objections.

        Mr. Cedeno takes no position with respect to the first request but submits that the government's second and third requests should be denied.

    **(1)**    **The Polygraph Examination of "Victim-1" and "Victim-2"**

        The government asserts that "Victim-1" and "Victim-2" failed polygraph examinations with respect to their involvement in the alleged September 13, 2006, hijacking. Since there is no charge or allegation that Mr. Cedeno was involved in that hijacking, he does not expect to cross-examine these witnesses at all.  He takes no position as to whether the witnesses' failed polygraphs are appropriate for cross-examination.

Hon. Colleen McMahon
United States District Judge
May 9, 2008
Re:    United States v. Jorge Cedeno
       S4 07 Cr. 387 (CM)
Page 2


        Mr. Cedeno does note that it is presumptuous and begs the question to label these
witnesses as "Victim-1" and "Victim-2", since the failed polygraphs suggest that they may have
been accomplices instead.  The testimony of other accomplices on this point that the government
has acquired is hardly dispositive.  Since we are less than a month from trial, it is submitted that
it is time for the government to identify its witnesses by name rather than by label and to make
meaningful Brady and Giglio disclosures regarding them.

### (2)    The Prior Armed Robbery Conviction of "Victim-4"

        The government asserts that a trucker it styles as "Victim-4" will testify about the
November 14, 2006, hijacking charged in the indictment.  The government claims he was
convicted of an armed robbery in 1982 and seeks to preclude the defense from cross-examining
him about that conviction.  In its motion, the government provides no information identifying
Victim-4 or describing the offense of conviction or the sentence he received.

        Mr. Cedeno, like all criminal defendants, of course, has a right under the
Confrontation Clause to challenge and impeach the credibility of his accusers.  Further, the
Second Circuit has held that:

>        district courts must be skeptical when the government
>        objects to impeachment of its witnesses with prior felony
>        convictions and should be reticent to limit such impeachment
>        in the absence of a demonstrable danger of prejudice to the
>        government's interest in a fair trial.

United States v. Estrada, 430 F.3d 606, 621 (2d Cir. 2005).  There is every reason to be skeptical
and reticent with regard to the government's present motion.

        In the first place, evidence that a witness has been convicted of a crime is
expressly admissible under Rule 609(a).  A conviction for "armed robbery" is well within the
ambit of Rule 609(a)(1), subject to a Rule 403 balancing, if not automatically admissible under
Rule 609(a)(2) as an act of dishonesty.  See United States v. Hayes, 553 F.2d 824, 827 (2d
Cir.1977).  In fact, the Estrada Court noted that Rule 609(a)(1) presumes that all felonies are
somewhat probative of a witness's truthfulness, 430 F.3d at 617, and that theft crimes "reflect
adversely on a person's integrity and . . . therefore bear on honesty."  Id.  Indeed, the government
makes no argument that the conviction in issue is not covered by Rule 609(a).

        Instead, the government argues that this otherwise admissible evidence should be

Hon. Colleen McMahon
United States District Judge
May 9, 2008
Re:    United States v. Jorge Cedeno
        S4 07 Cr. 387 (CM)
Page 3

excluded because it exceeds the time limit provided in Rule 609(b).  Rule 609(b) provides, in pertinent part, the following:

> Evidence of a conviction under this rule is not admissible
> if a period of more than ten years has elapsed since the date
> of the conviction or of the release of the witness from the
> confinement imposed for that conviction, whichever is the
> later date, unless the court determines, in the interest of
> justice, that the probative value of the conviction supported
> by specific facts and circumstances substantially outweighs
> its prejudicial effect."

In its motion, the government does not provide an adequate basis to render this evidence inadmissible under Rule 609(b).

        In the first place, while the government asserts that the date of conviction of its witness was 1982, it provides no information at all with respect to his sentence and specifically omits any description of the dates of the witness's confinement.  Thus, it has not been shown by the government that the conviction in fact is beyond the ten-year limit of the rule.

        Next, the government has provided no meaningful information or essential facts of its witness's conviction.  It is therefore impossible to conduct the balancing analysis that the rule contemplates, even if it were shown that the conviction falls outside the Rule 609(b) time limits.  If the government is advocating, as it seems to be, a per se rule that no 1982 conviction could have any probative worth, that position has no authority to support it and runs afoul of the Estrada court's warning against per se rules. Id. at 620.

        In sum, the evidence of the prior conviction is admissible under Rule 609(a) and the government has failed to show why it should be excluded under Rule 609(b).  As a result, the government's motion should be denied.

        **(3)    The Adverse Credibility Finding As to Detective Goldrick**

        The government moves to preclude the defense from cross-examining one of its witnesses, Det. Robert Goldrick, as to an Appellate Division conclusion that he had tailored his testimony.  In People v. Miret-Gonzalez, 159 A.D.2d 647, 552  N.Y.S.2d 958 (2d Dept. 1990), the court examined the record of a suppression hearing that involved a car stop by then-police officer Goldrick.  In analyzing Goldrick's testimony, with its apparent inconsistencies and its

Hon. Colleen McMahon
United States District Judge
May 9, 2008
Re:    United States v. Jorge Cedeno
       S4 07 Cr. 387 (CM)
Page 4

dubious and improbable version of events, the court concluded that his testimony "has all the appearances of having been patently tailored to nullify constitutional objections."   159 A.D.2d at 649.  The court refused to credit his testimony, granted the suppression motion, reversed the judgment of conviction and dismissed the indictment.

        Stripped of polite language, the court found that Goldrick had lied under oath to achieve the result he wanted.  It is hard to imagine evidence that would be more probative of a witness's character for untruthfulness and the Second Circuit has held that it can be appropriate under Rule 609(b) to introduce false statements, especially false sworn statements, to shed light on a witness's credibility.  United States v. Jones, 900 F.2d 512, 520-521 (2d Cir. 1990); see also United States v. Whitmore, 359 F.3d 609, 619 (D.C. Cir. 2004) ("Nothing would be more probative of a witness's character for untruthfulness than evidence that the witness has previously lied under oath."), quoted with approval in United States v. Triumph Capital Group, Inc., 237 Fed. Appx. 625, 629, 2007 WL 1555753 (2d Cir. 2007) (Docket No.05-2630-cr).  The defense contends that Rule 608(b) and, more importantly, the Confrontation Clause permit use of this evidence in cross-examining Det. Goldrick.

        The government relies upon the Second Circuit's decision in United States v. Cruz, 894 F.2d 41 (2d Cir.1990) in its argument for preclusion.  That decision essentially did nothing but uphold the principle that a trial judge retains discretion under Rule 608(b) to permit or limit cross-examination, a principle which is not in dispute.  The Cruz decision concluded that the district court had not abused its discretion in refusing to admit a transcript under the circumstances of that case, but otherwise its briefly stated rationale for that decision makes little sense: the circuit court stated that the transcript reflected a finding that a witness lacked credibility only in that case, not that he lacked credibility generally (clearly, there was no need to make the latter finding) and that the finding in the prior case was not relevant in any way to a resolution of the issues in the present case (of course not; it was a different case).  In any event, the Second Circuit did not set these factors as benchmarks or requirements.

        Det. Goldrick has been found by a court to have testified falsely to achieve a result he wanted.  Even if that finding occurred in 1990, it involved his testimony as a law enforcement officer in an arrest context and is highly probative of his character for truthfulness.  Under the Confrontation Clause and Rule 608(b), the defense should be permitted to cross-examine him about that finding.

Hon. Colleen McMahon
United States District Judge
May 9, 2008
Re:    United States v. Jorge Cedeno
       S4 07 Cr. 387 (CM)
Page 5


### **Conclusion**

For the foregoing reasons, defendant Jorge Cedeno requests that the government's motion in limine be denied.

The Court's consideration of the foregoing is appreciated.


Respectfully submitted,

s/

Clinton W. Calhoun, III



cc:    Nola Heller / Mark Levy (by ECF )
       Assistant United States Attorneys

       Defense Counsel (by ECF)