UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X

UNITED STATES OF AMERICA,

             -against-

                                      **S4 07 CR. 387 (CM)**

JORGE CEDENO,

                     Defendant.

--------------------------------------------------------X

# <u>REQUESTS TO CHARGE</u>

 

Clinton W. Calhoun, III (CC 4126)
Briccetti, Calhoun & Lawrence, LLP
81 Main Street, Suite 450
White Plains, New York   10601
(914) 946-5900

*Attorneys for Defendant JORGE CEDENO*

**United States of America v. Plutarco Angulo Aguirre, et al., 07 Cr. 387 (CM)**

Members of the Jury:

Now that you have heard all of the evidence to be received in this trial and each of the arguments of counsel, it becomes my duty to give you the final instructions of the Court as to the law that is applicable to this case and which will guide you in your decisions.

All of the instructions of law given to you by the Court – those given to you at the beginning of the trial, those given to you during the trial, and these final instructions – must guide and govern your deliberations.

It is your duty as jurors to follow the law as stated in all of the instructions of the Court and to apply these rules of law to the facts as you find them from the evidence received during the trial.

Counsel for the government and the defense have quite properly referred to some of the applicable rules of law in their closing arguments to you.  If, however, any difference appears to you between the law as stated by counsel and that as stated by the Court in these instructions, you, of course, are to follow the instructions given to you by the Court.

You are not to single out any one instruction alone as stating the law, but must consider the instructions as a whole in reaching your decisions.

Neither are you to be concerned with the wisdom of any rule of law stated by the Court. Regardless of any opinion you may have as to what the law ought to be, it would be a violation of your sworn duty to base any part of your verdict upon any other view or opinion of the law than that given in these instructions of the Court, just as it would be a violation of your sworn duty, as judges of the facts, to base your verdict upon anything but the evidence received in the case.

## **Indictment Merely an Accusation**

As I told you at the beginning of the trial, an indictment is not evidence.  It merely describes the charges made against the Defendants.  An indictment is a formal method of bringing a case into court for trial and determination by a jury.  It creates no presumption that a crime was committed and no inference of any kind may be drawn from the indictment.  Indeed, under our law, a person who has been accused of a crime is presumed to be innocent.  Therefore, you may not consider an indictment as any evidence of guilt of any of the Defendants.

## **Government as a Party**

The fact that the prosecution is brought in the name of the United States of America entitles the Government to no greater consideration than that accorded to any other party to a litigation. By the same token, it is entitled to no less consideration. In your deliberations, you are to perform your duty without bias or prejudice to either the Government or to each of the Defendants. All parties, government and individuals alike, stand as equals before this Court of justice.

**Presumption of Innocence, Burden of Proof, and Reasonable Doubt**

I have repeatedly said that the Government must prove each of the Defendants guilty beyond a reasonable doubt.  The law does not require that the Government prove guilt beyond all possible doubt; proof beyond a reasonable doubt is sufficient to convict.

The question that naturally arises is what is a "reasonable doubt"? It is a doubt, based upon reason and common sense, that would cause a reasonable person to hesitate to act in a matter of importance in his or her personal life.  Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his or her own affairs.

A doubt is not reasonable if based on a caprice or whim or on speculation or suspicion. And it is not something you dream up as an excuse to avoid the performance of an unpleasant duty.  It is not the product of sympathy.

In a criminal case, the burden is at all times upon the Government to prove every element of a crime charged.   This burden never shifts to the Defendant. This means that a Defendant has no obligation to prove anything, or to call any witnesses, or offer any evidence.  You and I, as judges of the facts and the law, respectively, are presuming the Defendant to be innocent, so he has nothing to prove.  The Government must convince you that the presumption is wrong before you can find otherwise.

[In this case, the defendant put on evidence.  That does not mean that he assumed the burden of proof, or that it shifted to him.  The Government always bears the burden of proof in a criminal case. And its burden is to prove beyond a reasonable doubt all of the elements of the crimes charged in the Indictment – nothing more and nothing less.]

## **Defendant's Right Not to Testify**

The defendants did not testify in this case.  Under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the Government's burden to prove the defendant guilty beyond a reasonable doubt.  A defendant is never required to prove that he is innocent.

You may not attach any significance to the fact that a defendant did not testify.  No adverse inference against any defendant may be drawn by you because he did not take the witness stand.  You may not hold this against the defendant in any way in your deliberations in the jury room.

**Decision on the Evidence – Stipulations, Judicial Notice, and Inferences Permitted**

You will find the facts from one thing only - the evidence.

The evidence in this case consists of the sworn testimony of the witnesses, regardless of who may have called them; all exhibits received in evidence, regardless of who may have produced them; and all facts that may have been agreed to or stipulated, which you are to regard as proved.

Nothing I say is evidence. Nothing either of the lawyers says is evidence. Questions by themselves are not evidence. Objections are not evidence. Any evidence to which an objection was sustained by the Court, and any evidence ordered stricken by the Court, must be entirely disregarded.

Please understand that I am neutral in this matter. I do not decide the factual issues of this case. That is not my job; it is yours, and I leave it entirely to you. My function is to get the trial concluded as fairly and promptly as possible, and to explain the law to you. The decision in the case is yours, so please do not get any notion that I have a certain attitude or view of the case. I do not.

In making your findings based on the evidence received, you are not limited solely to what you see and hear as the witnesses testify or as the exhibits are admitted. You are permitted to draw reasonable inferences from the facts that you find have been proved. Inferences are simply deductions or conclusions that reason and common sense lead you to draw from the evidence received in the case.

## **Judging the Evidence**

There is nothing particularly different in the way that a juror should consider the evidence in a trial from that in which any reasonable and careful person would treat any very important question involving facts, opinions, and evidence.  You are expected to use your good sense in considering and evaluating the evidence in the case for only those purposes for which it has been received and to give such evidence a reasonable and fair construction in the light of your common knowledge of the natural tendencies and inclinations of human beings.

**<u>Direct and Circumstantial Evidence</u>**

There are two types of evidence that you may properly consider in deciding whether the Defendant is guilty or not guilty.

One type of evidence is called direct evidence. Direct evidence is evidence given by a witness who testifies to what she saw, heard, or observed, of her own knowledge acquired by virtue of her own senses.

Circumstantial evidence is evidence that tends to prove a disputed fact by proof of other facts. There is a simple example of circumstantial evidence that is often used in the courts.

Assume that when you came into the courthouse this morning the sun was shining and it was a nice day. Assume that the courtroom blinds were drawn and you could not look outside.

As you sat here, someone walked in with an umbrella that was dripping wet. Somebody else then walked in with a raincoat that was also dripping wet.

Now, you could not look outside of the courtroom to see whether or not it was raining, so you would have no direct evidence of that fact. But, on the combination of facts that I asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

That is all there is to circumstantial evidence. You infer from an established fact the existence or the nonexistence of some other fact on the basis of your reason, experience and common sense. Circumstantial evidence is of no less value than direct evidence. In fact, it is a general rule that the law makes no distinction between direct and circumstantial evidence, but simply requires that, before convicting a defendant, the jury must be satisfied of the defendant's guilt beyond a reasonable doubt from all of the evidence in the case.

## **Credibility of Witnesses**

You, as jurors, are the sole judges of the credibility of the witnesses and the weight their testimony deserves.  You may be guided by the appearance and conduct of the witness, or by the manner in which the witness testifies, or by the character of the testimony given, or by evidence you find credible that is contrary to the testimony given.

You should carefully scrutinize all the testimony given, the circumstances under which each witness testified, and every matter in evidence that tends to show whether a witness is worthy of belief.  Consider each witness's intelligence, motive, state of mind, and demeanor or manner while on the stand.  Consider the witness's ability to observe the matters as to which he or she has testified, and whether he or she impresses you as having an accurate recollection of these matters.  Consider any relation each witness may bear to either side of the case and any bias, antagonism, or hostility that you detect between a witness and either side.  Consider the manner in which each witness's testimony is supported or contradicted by other credible evidence in the case.

Inconsistencies or discrepancies, either within the testimony of a single witness or between the testimony of different witnesses, may or may not cause you to discredit someone's testimony.  Two or more persons witnessing an incident or transaction may see or hear it differently; and innocent mistaken recollection, like failure of recollection, is not an uncommon experience.  In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or to an unimportant detail, and whether you believe the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such weight, if any, as you may think it deserves.

### ***Falsis in Unum***

If you find that a witness has testified falsely as to any material fact, the law permits you to disregard completely the entire testimony of that witness.  Put otherwise, if someone lies to you about a fact that you deem important, then you can just throw out his entire testimony, on the ground that someone who lies to you about one important thing can't be trusted in anything.  You are not required, however, to consider such a witness as totally unworthy of belief.  You may accept so much of his or her testimony as you deem to be true and disregard whatever you feel is false.  It is entirely up to you.

## **Accomplices Called by the Government**

You have heard witnesses who testified that they were actually involved in planning and carrying out the crime(s) charged in the indictment.  There has been a great deal said about these so-called accomplice witnesses in the summations of counsel and whether or not you should believe them.

The government argues, as it is permitted to do, that it must take the witnesses as it finds them.  It argues that only people who themselves take part in criminal activity have the knowledge required to show criminal behavior by others.

For those very reasons, the law allows the use of accomplice testimony.  Indeed, it is the law in federal courts that the testimony of accomplices may be enough in itself for conviction, if the jury finds that the testimony establishes guilt beyond a reasonable doubt.

However, it is also the case that accomplice testimony is of such nature that it must be scrutinized with great care and viewed with particular caution when you decide how much of that testimony to believe.

I have given you some general considerations on credibility and I will not repeat them all here.  Nor will I repeat all of the arguments made on both sides.  However, let me say a few things that you may want to consider during your deliberations on the subject of accomplices.

You should ask yourselves whether these so-called accomplices would benefit more by lying or by telling the truth.  Was their testimony made up in nay way because they believed or hoped that they would somehow receive favorable treatment by testifying falsely?  Or did they believe that their interests would be best served by testifying truthfully?  If you believe that the witness was motivated by hopes of personal gain, was the motivation one which would cause him to lie, or was it one which would cause him to tell the truth?  Did this motivation color his testimony?

In sum, you should look at all of the evidence in deciding what credence and what weight, if any, you will want to give to the accomplice witnesses.

Adapted from Sand, <u>et al</u>., Modern Federal Jury Instructions, Instr. 7-5

<u>United States v. Prawl</u>, 168 F.3d 622 (2d Cir. 1999)

## **Co-defendants' Plea Agreements**

Further, in this case, there has been testimony from the accomplice witnesses that they pled guilty to various crimes after entering into an agreement with the government to testify.  In some instances, the government promised not to prosecute the accomplice witness on other charges in exchange for the witness' agreement to plead guilty and testify at this trial against these defendants.  The government also promised to bring the witness' cooperation to the attention of the sentencing court.

The government is permitted to enter into this kind of plea agreement.  You, in turn, may accept the testimony of such a witness and convict the defendants on the basis of this testimony alone, if it convinces you of the defendants' guilt beyond a reasonable doubt.

However, you should bear in mind that a witness who has entered into such an agreement has an interest in this case different than any ordinary witness.  A witness who realizes that he may be able to obtain his own freedom, or receive a lighter sentence by giving testimony favorable to the prosecution has a motive to testify falsely.  Therefore, you must examine his testimony with caution and weigh it with great care.  If, after scrutinizing his testimony, you decide to accept it, you may give it whatever weight, if any, you find it deserves.  Alternatively, you may decide to reject it completely.

Adapted from Sand, et al., Modern Federal Jury Instructions, Instr. 7-11.

United States v. Prawl, 168 F.3d 622 (2d Cir. 1999)

**Limiting Instruction - Documents**

Certain documents were admitted into evidence subject to a limiting instruction, which means that the documents were not admitted for the truth of their contents, but for some other, limited purpose. That means you can only consider this evidence for the limited purpose for which it was offered, and not for any other purpose.

## Similar Acts - Cautionary Instruction

The government has offered evidence tending to show that on a different occasion than charged in the indictment one or more of the defendants engage in conduct similar to the charges in the indictment.

In that connection, let me remind you that the defendants are not on trial form committing any act not alleged in the indictment.  Accordingly, you may not consider this evidence of the similar act as a substitute for proof that each of the defendants committed the crime charged in the indictment.  Nor may you consider this evidence as proof that the defendant has a criminal personality or a bad character, or has a propensity to commit crimes.  The evidence of other acts was admitted for a much more limited purpose.

If you determine that a defendant committed the acts charged in the indictment and the similar acts as well, then you may, but you need not, draw an inference that in doing the acts charged in the indictment, the defendant acted knowingly and intentionally and not because of some mistake or accident or other innocent reason.

Evidence of other acts may not be considered by you for any other purpose.  Specifically, you may not use this evidence to conclude that because a defendant committed the other act he must also have committed the acts charged in the indictment.


Adapted from Sand, et al., Modern Federal Jury Instructions, Instr. 5-25.

## **Jury To Consider Each Defendant Separately**

You are about to be asked to decide whether or not the government has proven beyond a reasonable doubt the guilt of each defendant.  You are to consider your verdict as to each defendant separately from the other defendants.

The indictment consists of a total of 8 counts.  Each count charges a defendant with a different crime, and not every defendant is accused in every count.  There are four defendants on trial before you.  You must as a matter of law consider each count of the indictment and each defendant's involvement if any in the crime specified in that count separately, and you must return a separate verdict on each defendant for each count in which he is charged.

In reaching your verdict, bear in mid that guilt is personal and individual.  Your verdict of guilty or not guilty must be based solely on the evidence about each defendant.  The case against each defendant, on each count, stands or falls upon the proof or lack of proof against that defendant alone, and your verdict as to any defendant on any count should not control or affect in any way your decision as to any other defendant or any other count.  No other considerations are proper.

Adapted from Sand, et al., Modern Federal Jury Instructions, Instr. 2-18 and 3-8.

**<u>Impermissible to Infer Participation from Mere Presence</u>**

You may not infer that a defendant is guilty of participating in criminal conduct merely from the fact that he was present at some location at the time the crime was being committed, if indeed a crime was committed.  This is true even if the defendant was present with the knowledge that a crime was being committed.

Adapted from Sand, <u>et al</u>., Modern Federal Jury Instructions, Instr. 6-3.

**Impermissible to Infer Participation From Association**

You may not infer that a defendant was guilty of participating in criminal conduct merely from the fact that he may have accompanied or that he associated with another person who was guilty of wrongdoing.


Sand, et al., Modern Federal Jury Instructions, Instr. 6-4.

## **Persons Not On Trial**

You may not draw any inference, favorable or unfavorable, towards the Government or any of the defendants from the fact that any person other than the defendants is not on trial here. You may also not speculate as to the reasons why other persons are not on trial. Those matters are wholly outside your concern and have no bearing on your function as jurors.

## **Improper Considerations**

In reaching your decision as to whether the Government sustained its burden of proof, it would be improper for you to consider any personal feelings you have about any of the defendants' race, religion, national origin, sex, or age. All persons are entitled to the presumption of innocence and the Government has the burden of proof, as I have just told you.

It would be equally improper for you to allow any feelings you might have about the nature of the crime charged to interfere with your decision-making process.

Any sort of the bias, prejudice or sympathy for or against either side, has no relevance to the matter before you and may not be considered by you in reaching a verdict.

## **<u>Punishment Not to Be Considered by Jury</u>**

The question of possible punishment of any of the Defendants, should there be a conviction, is of no concern to the jury, and so it should not enter into or influence your deliberations. The duty of imposing sentence rests exclusively upon the Court. Your function is to weigh the evidence in the case and to determine whether or not each Defendant, individually and separately, is guilty beyond a reasonable doubt, solely upon the basis of such evidence.

**<u>Unanimous Verdict/Duty to Deliberations</u>**

The verdict must represent the considered judgment of each juror.  In order to return a verdict, it is necessary that each juror agree.  Your verdict, as to each count for each defendant, must be unanimous -- all 12 of you.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment.  You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors.  In the course of your deliberations, do not hesitate to reexamine your own views, and change your opinion, if convinced it is erroneous.  But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times that you are not partisans.  You are judges -- judges of the facts.  Your sole interest is to seek the truth from the evidence in the case.

**Election of a Foreperson**

When you retire, you should elect one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in open court. The foreperson's vote is not entitled to any greater weight than any other individual juror.

## **Communications Between Court and Jury During Jury's Deliberations**

If it becomes necessary during your deliberations to communicate with the Court, you may send a note to me, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with the Court by any means other than a signed writing, and the Court will never communicate with any member of the jury on any subject touching on the merits of the case otherwise than in writing, or orally here in open Court.

You will note from the oath about to be taken by the Marshal that he too, like all other persons, is forbidden to communicate in any way or manner with any member of the jury on any subject touching the merits of the case.

Bear in mind also that you are never to reveal to any person -- not even to the Court -- how the jury stands, numerically or otherwise, on the questions before you, until after you have reached a unanimous verdict. In other words, do not tell me in any note what your vote is on any count.

**<u>Read-Back of Testimony</u>**

If it should happen in your deliberations that you want to review the testimony of a particular witness, that can be done.  If that is what you want, please send out a note telling the Court precisely what you want to hear.  Please be very specific about what you want to hear.

I urge you not to ask for testimony unless you first speak amongst yourselves and exhaust your total memory, since the collective memory of twelve people is better than that of any one juror. But, if after discussion, you are still in doubt or vague as to a particular point in the testimony and you want to review certain testimony, I will have the court reporter gather that  testimony for your review.

The lawyers and I may decide to have you come out to hear the readback, or we may send you back a portion of the transcript.

## **Exhibits to Jury Room**

You will have all of the exhibits that I admitted into evidence with you in the jury room.

## **Reviewing My Legal Instructions**

I will be sending my charge back into the jury room.  I am sending it back with you in case you want to review them during your deliberations.

If you find that you do not understand any of my instructions, or you want me to go over them yet again, to clarify some matters for you or just to reinforce what I had to say, send in a note asking for re-instruction and I will be happy to go over them.

Don't assume that you can't ask me to go over the instructions again just because I am sending the instructions back with you.  You can, and I will.

**<u>Verdict Sheet</u>**

As you retire to begin your deliberations, you will be provided with a verdict sheet which I will now explain.

[EXPLAIN VERDICT SHEET TO THE JURY]


**<u>Conclusion</u>**

[Mention smoking, bathroom breaks, no deliberating unless all are present, etc.]




Dated:  White Plains, New York
         May 27, 2008

                                        Respectfully submitted,

                                        BRICCETTI, CALHOUN & LAWRENCE, LLP


                        By:    _s/_____
                                Clinton W. Calhoun, III
                                81 Main Street, Suite 450
                                White Plains, New York  10601
                                (914) 946-5900

                                ATTORNEYS FOR DEFENDANT
                                JORGE CEDENO


cc: A.U.S.A. Nola Heller / Michael Levy

May 27, 2008

**BY HAND**
Hon. Colleen McMahon
United States District Judge
United States District Court
500 Pearl Street
New York, NY   10007

       Re:    United States v. Plutarco Angulo-Aguirre, et al.
            S4 07 Cr. 387 (CM)

Dear Judge McMahon:

       Attached are defendant Jorge Cedeno's requests to charge and jury selection questions.  As to the requests to charge, I did not copy Judge Sand's instructions with respect to the charged offenses (Hobbs Act robbery, Instr. 50-2 through 50-7; Kidnapping, 42-2 through 42-7; and Firearms offenses under 18 USC § 924(c), 35-78 through 35-80) but ask that they be incorporated into Your Honor's instructions as to the elements of those offenses.

       I also join in any other requests and jury selection questions submitted by co-defendants' counsel, to the extent they are applicable to Mr. Cedeno.

       I appreciate the Court's consideration of the attached.

       Respectfully submitted,

       s/

       Clinton W. Calhoun, III

cc:    AUSA Nola Heller (by ECF)

       Defense Counsel (by ECF)